UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Andrew Hall,        )<br>                     )<br>        Plaintiff,    )<br>                     )<br>        v.           )<br>                     )<br>Striper Marina, Inc.,)<br>Glacier Bay, Inc. a/k/a )<br>Glacier Bay Catamarans, Inc. )<br>                     )<br>        Defendants.  )<br>                     ) | C.A. No. 08-427 S |

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

On May 19, 2009, Magistrate Judge Lovegreen held a mandatory settlement conference in this case. This effort was stymied, however, when in direct contravention to the Local Rules and Alternative Dispute Resolution ("ADR") Plan of this Court, counsel for Defendant Glacier Bay, Inc. ("Glacier") appeared without a client representative and without having obtained full settlement authority. Counsel for Glacier assured the Magistrate Judge that his client's insurance carrier was informed that a representative needed to be present. Compounding this failing is the fact that Plaintiff had traveled to the conference from the United Kingdom and co-defendant Striper Marina, Inc. is paying its counsel directly as insurance coverage has been declined. The conference

was conducted as scheduled but did not produce a settlement and was continued until August 25, 2009.

The rules in this district regarding settlement conferences are clear: parties, counsel of record, and corporate representatives shall attend all ADR conferences with full settlement authority. See ADR Plan at page 6; see also Local Rule Civil 53 (incorporating the ADR Plan into the Local Rules). Settlement authority "means the individual with control of the full financial settlement resources involved in the case, including insurance and the full financial authority and ability to agree to a binding settlement agreement." ADR Plan at pg 3. And, "[f]ailure to meet obligations under these rules may lead to disciplinary action." Id. at pg 6. Furthermore, the court notice ordering the conference specifically warned the parties that "[a]ttendance of trial counsel alone without his/her party or suitable representative and without court approval will be deemed non-compliance and may result in sanctions." (Doc. 14.)

Appearing at a settlement conference without full settlement authority is tantamount to not appearing at all and is potentially contemptuous conduct. Such a failure wastes not only the Court's time, but also that of the other counsel and their clients. Rule 16(f) of the Federal Rules of Civil Procedure permits a court to impose fees and costs on a party for non-compliance of this nature. Fed. R. Civ. P. 16(f)(2); see also Goldman, Antonetti, Ferraiuoli,

Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 691 (1st Cir. 1993). Such conduct on motion of the opposing party or the motion of the Court may also result in a finding of civil contempt and result in additional and more severe sanctions. See generally United States v. Saccoccia, 433 F.3d 19, 27-28 (1st Cir. 2005) (discussing the substantive principles of civil contempt); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. 386, 399 (D.R.I. 1998).

Glacier is hereby ordered to pay the travel expenses, fees, and costs associated with Plaintiff's and Striper Marina's attendance at the conference. Plaintiff and Striper Marina are directed to submit bills detailing these expenses to Glacier and to the Court. Failure by Glacier to pay these sums forthwith and/or any further noncompliance with orders of this Court will cause the Court to consider a finding of contempt and appropriate sanction.

Enter:

/s/ W. Smith
WILLIAM E. SMITH
United States District Judge
Date: 6/11/09